UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | Case No. 25-20897 |
| OB LLC, | Chapter 11 |
| Debtor. | |

**MOTION OF DEMOCRACY CAPITAL CORPORATION FOR ENTRY OF AN ORDER DETERMINING THAT DEBTOR'S PROPERTY CONSTITUTES SINGLE ASSET REAL ESTATE THAT IS SUBJECT TO 11 U.S.C. § 362(d)(3)**

Democracy Capital Corporation ("Democracy") moves, pursuant to 11 U.S.C. § 362(d)(3) and 11 U.S.C. § 105(a) and *Federal Rules of Bankruptcy Procedure* 9013 and 9014, for the entry of an Order determining that the property described below owned by the Debtor, OB LLC ("Debtor"), constitutes "single asset real estate" as defined in 11 U.S.C. § 101(51B) and that the Debtor and such Property is subject to the provisions of 11 U.S.C. § 362(d)(3). In support of its Motion, Democracy states as follows:

## I.
## Introduction

This case presents a textbook example of a single asset real estate bankruptcy. The Debtor, OB LLC, owns a single parcel of undeveloped land, has no operations, no employees, and no business purpose other than holding and attempting to sell that property. Democracy holds a first priority lien against the property and is the Debtor's sole creditor. The Debtor defaulted on Democracy's secured loan years ago and has failed to pay real estate taxes or any other costs associated with carrying and maintaining the property. As a consequence, Democracy has been forces to advance all carrying costs for the property for many years. On the day of a foreclosure sale

scheduled by Democracy, the Debtor filed this Chapter 11 case solely to delay enforcement of Democracy's lien. Under these undisputed facts, the property constitutes "single asset real estate" within the meaning of 11 U.S.C. § 101(51B), and the Debtor is subject to the mandatory protections afforded to secured creditors under 11 U.S.C. § 362(d)(3). The Court should so determine.

## II.
## Factual Background

**A.  The Debtor and these bankruptcy proceedings.**

1. The Debtor owns the real property commonly known as 8800 Grandhaven Avenue, Upper Marlboro, Maryland 20772 (the "Property").

2. The Debtor is a special purpose entity whose sole purpose is to hold title to the Property.

3. The Property consists of approximately 8.94 acres of raw, undeveloped land that the Debtor owns passively.

4. The Debtor has no employees or place of business, maintains no bank accounts, and has filed no tax returns in the past few years.

5. The Debtor's only "business" is to own the Property.

**B.  The Democracy Loan.**

6. The Debtor is indebted to Democracy in connection with a $4 million loan ("Loan"), repayment of which is secured by a first-priority, duly-perfected lien in, to and against the Property. The Loan is evidenced by various documents executed by the Debtor (collectively, the "Loan Documents"), as more particularly described in Democracy's Proof of Claim [Claim No. 1], which Proof of Claim is incorporated by reference as if fully set forth herein.

7. The Debtor defaulted on the Loan shortly after it was made and has not made any payments on the loan since 2019. Because the Debtor failed to pay the real estate taxes owed on the Property, Democracy has been required to pay the taxes with its own funds for the past 6 years.

8. Prior to the filing of this case, Democracy commenced a proceeding in the Circuit Court for Prince George's County to foreclose its lien against the Property.

**C.   The Debtor's bankruptcy filing.**

9. The Debtor filed this case on November 19, 2025 ("Petition Date"), the day of the scheduled foreclosure sale, to stave off the sale of the Property.

10. Shortly after the Petition Date, the Debtor filed a Motion with the Court seeking authority pursuant to Section 363 of the Bankruptcy Code to sell the Property free and clear of all liens to a real estate developer who intends to develop the Property. [ECF No. 10].[1]

11. The Debtor has undertaken no efforts to develop the Property. Any development activity has been pursued solely by the proposed purchaser, which submitted a proposed subdivision to Prince George's County for approval to construct eighty-nine townhomes on the Property. The Debtor confirmed at the meeting of creditors that it had no involvement in these efforts.

---

[1] Democracy has objected to the proposed sale [ECF No. 27] on the grounds that, among other things: (a) Democracy's interest in the Property is not adequately protected by the sale; (b) the Debtor has failed to adequately market the Property; and (c) consideration of the sale motion is premature until the Court determines whether the Debor is a single-asset-real-estate debtor.

## III.
## Argument

12.    Section 362(d)(3) of the Bankruptcy Code provides that a bankruptcy court shall grant relief from the automatic stay under specific circumstances if the act is against "single asset real estate":

> with respect to a stay of an act against **single asset real estate** under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief … or **30 days after the court determines that the debtor is subject to this paragraph**, whichever is later –
>
>     (A)    the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
>     (B)    the debtor has commenced monthly payments ….

11 U.S.C. § 362(d)(3) (emphasis added).

13.    11 U.S.C. § 101(51B), in turn, defines "single asset real estate" or "SARE" as follows:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B).

14.    Courts construing § 101(51B) generally distill the definition of SARE into four elements: (a) the debtor is not a family farmer; (b) the debtor owns a single parcel of real property or a single project that generates substantially all of its income; (c) the property is not residential real estate with fewer than four units; and (d) the debtor conducts no substantial business on the property

4

other than holding or operating the real estate. *See, e.g.*, *In re Light Foot Grp. LLC*, No. 11-17945PM, 2011 WL 5509025, at *2 (Bankr. D. Md. Nov. 10, 2011). Each element is satisfied here.

15. First, the Debtor is not a family farmer.

16. Second, the Property is a single parcel – approximately 8.94 acres of raw, undeveloped land. The fact that the Property generates no income does not remove it from the definition of SARE. Courts have consistently held that undeveloped or raw land qualifies as SARE even when it produces no income. *See In re Oceanside Mission Assocs.,* 192 B.R. 232, 236 (Bankr. S.D. Cal. 1996) ("[T]his Court concludes that 'single asset real estate' includes undeveloped real property which generates no income."). And where, like here, a debtor owns a single parcel and anticipates selling that parcel, the property necessarily generates substantially all the debtor's income within the meaning of the statute.

17. Third, the Property is not residential real property with fewer than four units. It is undeveloped land that the Debtor holds passively and seeks to sell to a third-party developer.

18. Fourth, the Debtor conducts no substantial business on the Property. The Debtor has no employees, no place of business, no bank accounts, and no ongoing operations. Its sole purpose is to hold title to the Property and potentially sell it. The only business activity related to the Property have been the development efforts, which have not been undertaken by the Debtor. Rather, they have been undertaken exclusively by the proposed purchaser.[2]

---

[2] The statute explicitly requires the **Debtor** to perform substantial business activities to remove it from SARE designation. Regardless, such development activities would be incidental to ownership and thus not preclude a SARE finding. *In re Lagoon Breeze Dev. Corp.,* No. BR 10-15177-MM11, 2011 WL 1624988, at *2 (Bankr. S.D. Cal. Apr. 26, 2011) ("Most cases have held that construction and land development activities, such as those in which the Debtor is engaged, do not constitute a substantial business activity separate from operation of the property as required by § 101(51B).").

19. In sum, the Property—a single parcel of raw undeveloped land that the Debtor owns passively and intends to sell as unimproved raw land—is plainly SARE. *See, e.g.*, *In re Mountain Edge LLC*, No. 12-10835 T11, 2012 WL 4839784, at *3 (Bankr. D.N.M. Oct. 10, 2012) ("[R]aw land or real property acquired and/or held for development falls within the definition of SARE"); *In re Light Foot Group LLC*, No. 11-17945PM, 2011 WL 5509025, at *2 (Bankr. D. Md. Nov. 10, 2011); *In re Kachina Village*, LLC, 538 B.R. 124, 127 (Bankr. D.N.M. 2015); *In re Syed*, 238 B.R. 133, 140 (Bankr. N.D. Ill. 1999) ("[T]he definition of 'single-asset real estate' has been found to include partially developed land generating no income as well as raw land.").[3]

---

[3] In limited circumstances not present here, courts have declined to designate raw, undeveloped land as single asset real estate where the debtor itself is developing or intends to develop the property into residential real estate consisting of fewer than four units. *See In re 2034 Sunset Plaza Drive, LLC*, 616 B.R. 781, 783 (Bankr. C.D. Cal. 2020). That exception has no application here. The Debtor is not developing the Property, has no employees or operations, and holds the Property solely for sale to a third-party developer. Moreover, even if the Court were to consider the Property's potential future use, the proposed purchaser contemplates a subdivision far exceeding four residential units.

**Conclusion**

For the foregoing reasons, Democracy respectfully requests that the Court grant the Motion and determine that the Debtor is a "single asset real estate" debtor within the meaning of Section 101(51B) of the Bankruptcy Code.

                                    Respectfully submitted,

                                    */s/ Keith M. Lusby*
James T. Heidelbach (Bar No. 07715)
Keith M. Lusby (Bar No. 05596)
Gebhardt and Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
(410) 385-5028
klusby@gebsmith.com

*Counsel to Democracy Capital Corporation*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 30th day of December, 2025, a copy of the foregoing Motion for Entry of an Order Determining that Debtor's Property Constitutes Single Asset Real Estate That Is Subject to 11 U.S.C. § 362(d)(3) and proposed order were served via ECF on the following parties:

> James Taylor Heidelbach jheid@gebsmith.com
> Nicole C. Kenworthy bdept@mrrlaw.net
> Keith M. Lusby klusby@gebsmith.com
> Stephen A. Metz smetz@offitkurman.com,
> mmargulies@offitkurman.com,
> MD71@ecfcbis.com
> L. Jeanette Rice Jeanette.Rice@usdoj.gov,
> USTPRegion04.GB.ECF@USDOJ.GOV
> US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV
> Maurice Belmont VerStandig mac@mbvesq.com,
> lisa@mbvesq.com,
> mahlon@dcbankruptcy.com,
> mac@dcbankruptcy.com,
> verstandig.mauricer104982@notify.bestcase.com,
> verstandiglaw@recap.email

I further certify that I caused the foregoing Motion papers to be sent by first class mail, postage pre-paid, on:

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, MD 20854
*Counsel for Debtor*

L. Jeanette Rice
Office of the U. S. Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770
*Counsel for U.S. Trustee's Office*

2

Stephen A. Metz  
Offit Kurman, P.A.  
7501 Wisconsin Ave, Suite 1000W  
Bethesda, MD 20814  
*Trustee*

                                                 */s/ Keith M. Lusby*  
                                                 Keith M. Lusby