IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re                                                                                  Case No. 25-20897-MCR

OB LLC                                                                              Chapter 11

      Debtor.
_____/

**REPORT PURSUANT TO 11 U.S.C. § 1188**

Comes now OB LLC ("OB" or the "Debtor") by and through undersigned counsel, pursuant to Section 1188 of Title 11 of the United States Code (the "Bankruptcy Code") and reports as follows:

This is a relatively fast-moving Subchapter V case in which the Debtor has already proposed a plan of reorganization, DE #22, and in which there is a pending motion to sell the Debtor's sole asset for a sum sufficient to pay the claims of all creditors in full, DE #10. And there is thusly some certainty that a chapter 11 plan will be timely docketed, *see* DE #15 at ¶ 8(ii), just as there is some clarity as to the scope of the Debtor's business and commercial activities, *see id.* at ¶ 8(i).

Remarkably, however, it does *not* appear that plan of reorganization is likely to be consensual. Rather than accept payment in full, it seems Democracy Capital Corporation ("DCC"), the largest creditor herein, has elected to demonstrate a penchant for litigiousness and opted to (i) oppose the sale motion (on grounds wholly extraneous to the provisions thereof); (ii) object to the Subchapter V designation (something that, in the unique prism of this case, would have no discernable impact aside from increasing legal fees and potentially imposing US Trustee quarterly fees); and (iii) suggest OB—the owner of residential real property with fewer than four units—is, in fact, a single asset real estate entity. Perhaps worse, it equally seems that DCC, keeping with a

now-established yearslong pattern and practice of capriciously and inexplicably altering its payoff figure, has elected to file a claim suggesting a debt well in excess of that even intimated by DCC's own prior statements. (While this is assuredly not the proper filing in which to formally challenge DCC's claim, it bears notation that records evidence DCC having a payoff figure of, *inter alia*, (i) $2.7 million in August 2023; (ii) $3,480,235.06 in July 2024; and (iii) $3,448,989.67 in November 2025 [the very month in which this case was filed]. That number has now seemingly grown by roughly half a million dollars, upon learning a buyer is willing to pay $4 million for the Debtor's property. And suffice it to posit, myriad questions necessarily surround the fidelity of—and motivations underlying—DCC's positions in this case.)

So, apparent simplicity notwithstanding, this may yet prove to be an interesting case—even if such interest is pegged to the gamesmanship of that rare private lender uninterested in being paid in full. The parties are, however, seemingly uniformly business-minded, and there has been communication not just between the parties' agents but, too, counsel. There is also an enduring belief the Subchapter V trustee, who has been prompt and communicative at every turn, may prove enormously helpful in bartering a consensual plan herein. The details of such communications (both with counsel for DCC and with the Subchapter V trustee) are appropriately excluded from this report, other than to generally observe that informal dialogue has been conceptually—even if not explicitly or expressly—inclusive of contemplation of an amicable resolution to the core issues *sub judice*.

Finally, in terms of the payment of monies to the Subchapter V trustee, *see* DE #15 at ¶ 8(iv), undersigned counsel has agreed to share his retainer with the trustee herein. This is a practice previously utilized by undersigned counsel in this court and neighboring courts and, without

2

feigning to speak for the Subchapter V trustee in this case, such is an arrangement that is believed to be generally agreeable in nature.

OB looks forward to further addressing these matters at a status conference, as well as to the forthcoming hearing on the pending sale motion. This is a case that did not require first day motions, and in which there has been relatively robust early docket activity (by Subchapter V standards), creating the unusual paradigm of being a case where a lot has happened before a hearing has been convened. Yet the Debtor very much appreciates the attention this Honorable Court has given—and continues to give—this case, and remains heartedly optimistic this is going to be an enormously successful Subchapter V proceeding punctuated by prompt plan confirmation.

Respectfully submitted,

Dated: December 30, 2025        By:     /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        Bar No. MD18071
                                        The VerStandig Law Firm, LLC
                                        9812 Falls Road, #114-160
                                        Potomac, Maryland 20854
                                        Phone: (301) 444-4600
                                        mac@mbvesq.com
                                        *Counsel for the Debtor*

*[Certificate of Service on Following Page]*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December 2025, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- James Taylor Heidelbach    jheid@gebsmith.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Keith M. Lusby    klusby@gebsmith.com
- Stephen A. Metz    smetz@offitkurman.com, MD71@ecfcbis.com;lydia.yale@offitkurman.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                              /s/ Maurice B. VerStandig
                                              Maurice B. VerStandig, Esq.