**Fill in this information to identify the case:**

Debtor 1 ___OB LLC_____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Maryland

Case number ___25-20897_____

## Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Democracy Capital Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Keith M. Lusby
Name

1 South Street, Suite 2200
Number      Street

Baltimore          MD          21202
City                State         ZIP Code

Contact phone  410-385-5028

Contact email  klusby@gebsmith.com

**Where should payments to the creditor be sent?** (if different)

JR Schuble
Name

4800 Montgomery Lane, 10th Floor
Number      Street

Bethesda          MD          20814
City                State         ZIP Code

Contact phone _____

Contact email  jr@dreyfuss.net

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____3,917,945.54_____ . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Commercial Loan

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**   Recorded Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____TBD_____

**Amount of the claim that is secured:**   $____3,917,945.54____

**Amount of the claim that is unsecured:**  $_____0.00_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) __8.00_%

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/15/2025
                   MM  / DD  / YYYY

DocuSigned by:

*JR Schuble*

Signature   22D07E9B03674F9...

Print the name of the person who is completing and signing this claim:

| Name | JR Schuble | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President | | |
| Company | Democracy Capital Corporation | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4800 Montgomery Lane, 10th Floor | | |
| | Number    Street | | |
| | Bethesda | MD | 20814 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | jr@dreyfuss.net |

In re OB LLC
Case No. 25-20897,
United States Bankruptcy Court for the District of Maryland
Greenbelt Division
Chapter 11

## RIDER TO PROOF OF CLAIM

American Bank (the "Original Lender") extended a commercial loan to the Debtor, OB LLC ("Debtor"), in the original principal amount of $2,500,000.00 ("Loan"). Democracy Capital Corporation (the "Lender") is the successor-in-interest to the Original Lender and the owner and holder of the below-described "Loan Documents."

The Loan is evidenced by a $2,500,000 Promissory Note, dated October 19, 2011, executed and delivered by the Debtor the order of the Original Lender, as modified by a Change In Terms Agreement, dated October 19, 2011, executed by the Debtor and delivered to the Original Lender, as further modified by a Change In Terms Agreement, dated April 19, 2013, executed by the Debtor and delivered to the Original Lender, and as further modified by a Change In Terms Agreement, dated April 19, 2015, executed by the Debtor and delivered to the Lender (collectively, the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit A.

The Loan is secured by, among other things, a duly-perfected, first-priority lien in, to, and against the real property commonly known as 880 Grandhaven Avenue, Upper Marlboro, Maryland 20772 ("Property"), together with all existing or subsequently erected buildings, improvements, and fixtures located thereon, and all rights, royalties, and profits arising therefrom, pursuant to that certain Purchase Money Deed of Trust, dated October 19, 2011, from the Debtor to the Trustees named therein for the benefit of the Original Lender and recorded among the Land Records of Prince George's County, Maryland ("Land Records") in Liber 33058, Folio 291, as assigned to the Lender pursuant to the Contribution Agreement which such assignment was confirmed by the Confirmatory Assignment of Deed of Trust, dated August 5, 2025, executed by the Original Lender[1] and recorded among the Land Records at Liber 51215 Folio 78 (collectively, the "Deed of Trust"). A true and accurate copy of the Deed of Trust is attached hereto as Exhibit B.

The Note, Deed of Trust, and all other documents evidencing, securing or relating to repayment of the Loan are collectively referred to herein as the "Loan Documents." Prior to the Debtor's filing of the above-referenced bankruptcy case, the Debtor defaulted under the terms of the Loan Documents by failing to make payments when and as due and owing.

---

[1] The Confirmatory Assignment is executed by Forbright Bank, formerly known as Congressional Bank, itself successor by merger to American Bank.

As of December 15, 2025,[2] the Debtor was indebted to the Lender under the Loan Documents in the following amounts:

| | |
|---|---|
| $2,248,721.22 | Principal Balance |
| $1,371,007.21 | Accrued Interest[3] |
| $ 260,519.35 | Late Fees |
| $   37,697.76 | Attorneys' Fees and Costs |

**$  3,917,945.54    Total as of December 15, 2025**

The Lender reserves the right to periodically supplement and/or amend this Proof of Claim from time to time and to assert additional claims (including interest and attorneys' fees) and claims entitled to administrative priority in this bankruptcy case. The Lender also reserves the right to amend and/or supplement this Proof of Claim in all other respects.

The filing of this Proof of Claim is not an acknowledgment or admission that the Bankruptcy Court has jurisdiction over the Lender and/or the Lender's claims against any debtor or non-debtor entity, and the Lender reserves all rights with respect thereto. The Lender does not waive any rights to a jury trial, arbitration, or enforcement of a choice of law or venue selection clause by filing this Proof of Claim. This Proof of Claim is not intended to be and shall not be construed as an election of remedies. The filing of this Proof of Claim shall not waive and is without prejudice to any and all claims, defenses, causes of action and remedies that the Lender may have against the debtors or any non-debtor entities, all of which are expressly preserved. This Proof of Claim shall not operate as an admission or waiver of claims, defenses, causes of action or remedies that the Lender may have against any of the debtors or non-debtor entities under applicable law, nor shall the filing of this Proof of Claim be deemed a consent to entry of final judgment by the Bankruptcy Court under *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).

---

[2] The Lender's claim is fully secured. Accordingly, it is entitled to post-petition interest and fees pursuant to Section 506(b) of the Bankruptcy Code. Interest and fees will continue to accrue following the filing of this claim, and the Lender reserves the right to seek such additional interest and fees.

# EXHIBIT A

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,500,000.00 | 10-19-2011 | 04-19-2013 | | | | D | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** OB LLC ITIN:
115 Grafton Street
Chevy Chase, MD 20815

**Lender:** American Bank
9001 Edmonston Road, Suite 100
Greenbelt, MD 20770
(301) 672-3740

**Principal Amount: $2,500,000.00**  Date of Note: October 19, 2011

**PROMISE TO PAY.** OB LLC ("Borrower") promises to pay to American Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million Five Hundred Thousand & 00/100 Dollars ($2,500,000.00), together with interest on the unpaid principal balance from October 19, 2011, until paid in full.

**PAYMENT.** Borrower will pay this loan in one principal payment of $2,500,000.00 plus interest on April 19, 2013. This payment due on April 19, 2013, will be for all principal, accrued interest, and all other applicable fees, costs and charges. If any, not yet paid. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning November 1, 2011, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest then to principal; then to any late charges; and then to any unpaid collection costs. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Prime Rate as published in the Money Rate Section of the Wall Street Journal. If a range of rates is published, the highest rate will be used (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each month, on the first business day. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 3.250% per annum. Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate of 1.000 percentage point over the Index, rounded up to the nearest 0.125 percent, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 6.000% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be less than 6.000% per annum or more than the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: American Bank, 9001 Edmonston Road, Suite 100 Greenbelt, MD 20770.

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $2.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by adding an additional 3.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution or termination of Borrower's existence as a going business or the death of any member, or a trustee or receiver is appointed for Borrower or for all or a substantial portion of the assets of Borrower, or Borrower makes a general assignment for the benefit of Borrower's creditors, or Borrower files for bankruptcy, or an involuntary bankruptcy petition is filed against Borrower and such involuntary petition remains undismissed for sixty (60) days.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity of reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest, together with all other applicable fees, costs and charges, if any, immediately due and payable, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Subject to any limits under applicable law, upon default, Borrower agrees to pay Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit, including without limitation legal expenses for bankruptcy proceedings.

**JURY WAIVER.** LENDER AND BORROWER EACH HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO WHICH LENDER OR BORROWER MAY BE PARTIES, ARISING OUT OF, OR IN ANY WAY PERTAINING TO, THIS NOTE. IT IS AGREED THAT THIS WAIVER CONSTITUTES A WAIVER OF TRIAL BY JURY OF ALL CLAIMS AGAINST ALL PARTIES TO SUCH ACTIONS OR PROCEEDINGS. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY LENDER AND BORROWER, AND LENDER AND BORROWER EACH HEREBY REPRESENT THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. BORROWER FURTHER REPRESENTS THAT BORROWER HAS BEEN REPRESENTED IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF BORROWER'S OWN FREE WILL, AND THAT BORROWER HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Maryland without regard to its conflicts of laws provisions. This Note has been accepted by Lender in the State of Maryland.

**CONFESSED JUDGMENT.** UPON THE OCCURRENCE OF A DEFAULT, BORROWER HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR BORROWER IN ANY COURT OF RECORD AND CONFESS JUDGMENT

# PROMISSORY NOTE
(Continued)

Loan No: 1                                                                                                           Page 2

WITHOUT PRIOR HEARING AGAINST BORROWER IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS NOTE, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY BORROWER TO LENDER UNDER THE TERMS OF THIS NOTE OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS NOTE, COSTS OF SUIT, AND ATTORNEYS' FEES OF THIS NOTE AND INTEREST THEN DUE HEREUNDER.

Borrower hereby releases, to the extent permitted by applicable law, all errors and all rights of exemption, appeal, stay of execution, inquisition, and other rights to which Borrower may otherwise be entitled under the laws of the United States or of any state or possession of the United States now in force and which may hereafter be enacted. The authority and power to appear for and enter judgment against Borrower shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof and shall not be extinguished by any judgment entered pursuant thereto. Such authority may be exercised on one or more occasions or from time to time in the same or different jurisdictions as often as Lender shall deem necessary or desirable, for all of which this Note shall be a sufficient warrant.

DISHONORED ITEM FEE. Borrower will pay a fee to Lender of $15.00 if Borrower makes a payment on Borrower's loan and the check with which Borrower pays is dishonored on the second presentment.

RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

COLLATERAL. Borrower acknowledges this Note is secured by

(A) a Purchase Money Deed of Trust dated October 10, 2011, to a trustee in favor of Lender on real property located in Prince George's County, State of Maryland. The Real Property and or its address is commonly known as 8000 Grandhaven Avenue, Upper Marlboro, MD 20772.

(B) interest in Investment located at 1027N, 5225 Pooks Hill Road, Bethesda, MD 20892.

(C) deposit accounts described in an Assignment of Deposit Account dated October 10, 2011.

ADDITIONAL PROVISION. The Borrower represents and warrants to the Lender that this loan is being obtained exclusively for the purposes of carrying on or acquiring a business or commercial enterprise.

CONSENT TO JURISDICTION. Borrower irrevocably submits to the jurisdiction of any state or federal court sitting in the State of Maryland over any suit, action, or proceeding arising out of or relating to this Note. Borrower irrevocably waives, to the fullest extent permitted by law, any objection that Borrower may now or hereafter have to the laying of venue of any such suit, action, or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such suit, action, or proceeding brought in any such court shall be conclusive and binding upon Borrower and may be enforced in any court in which Borrower is subject to jurisdiction by a suit upon such judgment provided that service of process is effected upon Borrower as provided in this Note or as otherwise permitted by applicable law.

SUCCESSOR INTERESTS. The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

GENERAL PROVISIONS. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event including carning, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Maryland (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.

APPLICABLE LENDING LAW. To the extent not preempted by federal law, this loan is being made under the terms and provisions of Subtitle 10 of Title 12 of the Maryland Commercial Law Article.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREED TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

BORROWER:

OB LLC

By: _____ (Seal)
M. Louis Offen, M.O., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _____ (Seal)
M. Louis Offen, M.O., Manager of BTC LLC

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,500,000.00 | 10-18-2013 | 04-18-2015 | | | | D | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "*****" has been omitted due to text length limitations.

**Borrower:** GB LLC (TIN:
115 Grafton Street
Chevy Chase, MD 20815

**Lender:** American Bank
9001 Edmonston Road, Suite 100
Greenbelt, MD 20770
(301) 672-3740

**Principal Amount: $2,500,000.00**     **Date of Agreement: October 19, 2011**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** The Borrower is justly indebted to Lender as evidenced by the Promissory Note dated October 19, 2011 between the Borrower and Lender in the original amount of $2,500,000.00 with an original maturity date of April 13, 2013, which maturity date was hereby extended to April 19, 2014 pursuant to a Change in Terms Agreement dated April 13, 2013, together with all modifications of and renewals, replacements and substitutions for the promissory note or agreement.

**DESCRIPTION OF COLLATERAL.**
(A) A Purchase Money Deed of Trust dated October 19, 2011, to a trustee in favor of Lender on real property located in Prince George's County, State of Maryland. The Real Property and or its address is commonly known as 8800 Grandhaven Avenue, Upper Marlboro, MD 20772.

(B) Interest in Investment located at 5225 Pooks Hill Road, Unit 1627N, Bethesda, MD 20852.

(C) deposit account #6000353521 described in an assignment deposit account agreement dated October 19, 2011.

**DESCRIPTION OF CHANGE IN TERMS.** The Borrower and Lender hereby declare it their intentions to modify, amend and alter the "Note", for good and valuable consideration, the receipt of which is hereby acknowledged by the parties as follows:
The maturity date, when the entire unpaid principal balance, accrued and unpaid interest, and costs, if any, is hereby extended from April 19, 2014 to April 19, 2015.

(2) The outstanding principal balance for the loan as of April 19, 2014, was $2,500,000.00.

(3) The principal amount of the loan shall be paid down in the amount of $250,000.00 with this extension.

(4) The interest rate is hereby changed from The Wall Street Journal Prime plus one percent (1.00%), with a floor of six percent (6%) to The Wall Street Journal Prime plus one percent (1.00%), with a floor of five percent (5%) effective September 1, 2014.

(5) Procedure for Advances to Pay Interest. If and to the extent that there are sufficient funds on deposit in the deposit account described in paragraph (C) above ("Pledged Account") to pay interest on the Loan, Lender may cause such funds to be withdrawn from the Pledged Account and applied to interest as and when due by recording on its books a withdrawal in the amount of the interest payment due and simultaneously recording on its books a receipt of a payment in the amount of the interest payment due. Lender may cease making advances for the payment of interest upon notice to Borrower upon the occurrence of a default or Lender's determination that funds deposited in the Pledged Account are insufficient. No separate interest reserve shall be created by this Agreement or the Commercial Pledge Agreement of even date herewith concerning the Pledged Account.

Escrow for Impositions and Insurance. Borrower shall pay to Lender on the day monthly installments of principal or interest are payable under the Note, until the Indebtedness is paid in full, sums ("Funds") equal to 1/12 of: (a) the yearly total amount of Impositions (defined below) which may be levied on any real property constituting collateral for the Loan (collectively, "Property"); and (b) following the occurrence of a default, the yearly premium installments for fire and other hazard insurance, rent loss insurance and such other insurance covering the Property as Lender may require under this Agreement or any of the Related Documents (defined in the Note), all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. "Impositions" means all: (i) real estate and personal property taxes and other taxes and assessments, including but not limited to water and sewer rates and charges, all other governmental or non-governmental charges, assessments, and charges for any easement or agreement maintained for the benefit of any of the Property, general or special, ordinary or extraordinary, foreseen or unforeseen, of any kind and nature whatsoever, which at any time may be assessed, levied, or imposed upon any Property or the rent or income received therefrom, or any use or occupancy thereof; and (ii) other taxes, assessments, fees and charges of non-governmental charges levied, imposed or assessed upon or against any Property. The Funds shall be held in an account with Lender and, at the option of Lender, may be held in the Pledged Account. Notwithstanding the foregoing, if and to the extent that Lender has determined that funds on deposit in the Pledged Account are sufficient to pay interest on the Loan as and when due in accordance with the preceding paragraph regarding the payment of interest as well as all impositions, then Lender may withdraw funds from the Pledged Account for all such purposes; provided, however, that Borrower shall be responsible for the payment of all impositions and all amounts due on the Loan even if funds on deposit in the Pledged Account are not sufficient for such purposes. Lender shall apply the Funds to pay the Impositions so long as no default has occurred. Lender shall not be required to pay Borrower any interest, earnings or profits on the Funds or any funds on deposit in the Pledged Account. Lender shall give to Borrower an annual accounting of the Funds on Lender's normal format showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the Loan and the obligations of Borrower and all other obligors to Lender. If the amount of Funds held by Lender at the time of the annual accounting thereof shall exceed the amount deemed necessary by Lender to provide for the payment of Impositions and insurance premiums as they fall due, such excess may be retained by Lender as additional security for the Loan. If at any time the amount of the Funds held by Lender is less than the amount deemed necessary by Lender to pay sums in connection with the Loan than due or thereafter to become due and to pay all Impositions and insurance premiums as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency within 10 calendar days after request by Lender. Upon the occurrence of a default, Lender may apply, in any amount and in any order as Lender shall determine in Lender's sole discretion, any Funds held by Lender at the time of application (a) to pay Impositions and insurance premiums which are then or will thereafter become due, or (b) as a credit against the Loan. Upon indefeasible payment in full of the Loan, Lender shall promptly refund to Borrower any Funds held by Lender. If at any time funds on deposit in the Pledged Account are insufficient to cover both the Funds due under this Section and the amounts due under the Note, and if any monthly payment then made by Borrower is also insufficient to cover both the Funds due under this Section and the amounts due under the Note, then Lender shall apply any payments or other funds of Borrower first to the Funds due under this Section and than to amounts due under the Note, or in such other order or proportion as Lender may determine.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**ADDITIONAL PROVISION.** The Borrower represents and warrants to the Lender that this loan is being obtained exclusively for the purposes of carrying on or acquiring a business or commercial enterprise.

**CONFESSED JUDGEMENT.** Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on the Loan (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to 10% of the amount due, all without prior notice or opportunity of Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this Section shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court, nor shall this Agreement or any other Loan Document, Lender's right to attorneys' fees in the amount described herein or any other obligation hereunder or under any other Loan Document merge into any such judgment. The power to confess judgment granted in this paragraph may be exercised from time to time as often as Lender may elect. Borrower acknowledges that the actual amount of attorneys' fees incurred by Lender would be impossible to calculate at the time judgment by confession is entered, as all such fees would not yet have been incurred. Accordingly, Borrower agrees that attorneys' fees equal to 10% of the amount due are reasonable given the circumstances. Notwithstanding Lender's right to obtain a judgment for attorneys' fees in the amount described in this Section, Lender shall be entitled to retain only such attorneys' fees as are incurred by Lender in accordance with the Note. If the terms of this Section conflict with the terms of any other Loan Document, then the terms of this Section shall control.

## CHANGE IN TERMS AGREEMENT
### (Continued)

Loan No:                                                                                                    Page 2

**ADDITIONAL PROVISIONS.** Borrower is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of Delaware. Borrower has the power and authority to consummate the transactions contemplated hereby, and has taken all necessary action to authorize the execution, delivery, and performance of this Borrower and any other documents executed and delivered by Borrower.

THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

BORROWER:

OB LLC

By: _____ (Seal)
    M. Louis Offen, M.D., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _____ (Seal)
    M. Louis Offen, M.D., Manager of BTC LLC

LENDER:

AMERICAN BANK

X _____
    Authorized Signer

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $2,500,000.00 | 04-19-2013 | 04-19-2014 | | | | | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

| Borrower: | OB LLC (TIN:<br>115 Grafton Street<br>Chevy Chase, MD 20815 | Lender: | American Bank<br>9001 Edmonston Road, Suite 100<br>Greenbelt, MD 20770<br>(301) 572-3740 |
|-----------|---|---|---|

---

**Principal Amount: $2,500,000.00**                          **Date of Agreement: April 19, 2013**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** The Borrower is justly indebted to Lender as evidenced by the Promissory Note dated October 19, 2011 between the Borrower and Lender in the original amount of $2,500,000.00 with an original maturity date of April 13, 2013.

**DESCRIPTION OF COLLATERAL.**

(A) A Purchase Money Deed of Trust dated October 19, 2011, to a trustee in favor of Lender on real property located in Prince George's County, State of Maryland. The Real Property and or its address is commonly known as 9600 Grandhaven Avenue, Upper Marlboro, MD 20772.

(B) Interest in investment located at 6225 Pooks Hill Road, Unit 1627N, Bethesda, MD 20852.

(C) deposit account #8000363821 described in an assignment deposit account agreement dated October 19, 2011.

**DESCRIPTION OF CHANGE IN TERMS.** The Borrower and Lender hereby declare it their intentions to modify, amend and alter the "Note", for good and valuable consideration, the receipt of which is hereby acknowledged by the parties as follows:

(1) The maturity date for the loan is hereby extended to April 19, 2014.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below hereby acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**ADDITIONAL PROVISION.** The Borrower represents and warrants to the Lender that this loan is being obtained exclusively for the purposes of carrying on or acquiring a business or commercial enterprise.

**CONFESSED JUDGEMENT.** Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on the Loan (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to 10% of the amount due, all without prior notice or opportunity of Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this Section shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court, nor shall this Agreement or any other Loan Document, Lender's right to attorneys' fees in the amount described herein or any other obligation hereunder or under any other Loan Document merge into any such judgment. The power to confess judgment granted in this paragraph may be exercised from time to time as often as Lender may elect. Borrower acknowledges that the actual amount of attorneys' fees incurred by Lender would be impossible to calculate at the time judgment by confession is entered, as all such fees would not yet have been incurred. Accordingly, Borrower agree that attorneys' fees equal to 10% of the amount due are reasonable given the circumstances. Notwithstanding Lender's right to obtain a judgment for attorneys' fees in the amount described in this Section, Lender shall be entitled to retain any such attorneys' fees as are incurred by Lender in accordance with the Note. If the terms of this Section conflict with the terms of any other Loan Document, then the terms of this Section shall control.

THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

BORROWER:

OB LLC

By: _____ [Seal]
      M. Louis Offen, M.D., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _____ [Seal]
      M. Louis Offen, M.D., Manager of BTC LLC

LENDER:

AMERICAN BANK

X _____
      Authorized Signer

# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $2,250,000.00 | 04-18-2015 | 04-19-2016 | | | | D | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing " * * * * " has been omitted due to text length limitations.

**Borrower:**  OB LLC (TIN:
115 Grafton Street
Chevy Chase, MD 20815

**Lender:**  American Bank
9001 Edmonston Road, Suite 100
Greenbelt, MD 20770
(301) 572-3740

---

**Principal Amount: $2,250,000.00**                          **Date of Agreement: April 19, 2015**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** The Borrower is justly indebted to Lender as evidenced by the Promissory Note dated October 19, 2011 between the Borrower and Lender in the original amount of $2,500,000.00 with an original maturity date of April 13, 2013, which maturity date was hereby extended to April 19, 2014 pursuant to a Change in Terms Agreement dated April 13, 2013, which maturity date was hereby extended to April 19, 2015 pursuant to a Change in Terms Agreement dated October 19, 2011, together with all modifications of and renewals, replacements and substitutions for the promissory note or agreement.

**DESCRIPTION OF COLLATERAL.**

(A) A Purchase Money Deed of Trust dated October 19, 2011, to a trustee in favor of Lender on real property located in Prince George's County, State of Maryland. The Real Property and or its address is commonly known as 8800 Grandhaven Avenue, Upper Marlboro, MD 20772.

(B) Interest in investment located at 6225 Rooks Hill Road, Unit 1627N, Bethesda, MD 20852.

(C) deposit account #6000353521 described in an assignment deposit account agreement dated October 19, 2011.

**DESCRIPTION OF CHANGE IN TERMS.** The Borrower and Lender hereby declare it their intentions to modify, amend and alter the "Note", for good and valuable consideration, the receipt of which is hereby acknowledged by the parties as follows:

(1) The maturity date, when the entire unpaid principal balance, accrued and unpaid interest, and costs, if any, is hereby extended from April 19, 2015 to April 19, 2016 .

(2) The interest rate is hereby changed from The Wall Street Journal Prime plus one percent (1.00%), with a floor of five percent (5%) to a fixed rate of five percent (5%).

(3) Borrower shall establish an interest and real estate tax reserve with the Bank, the balance of which shall be $50,000.00. If any draws are made by the Bank on behalf of the Borrower, the Borrower must promptly replenish the account to the $50,000.00 balance within thirty (30) days. Anything to the contrary shall constitute a default of the loan.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**ADDITIONAL PROVISION.** The Borrower represents and warrants to the Lender that this loan is being obtained exclusively for the purposes of carrying on or acquiring a business or commercial enterprise.

**CONFESSED JUDGEMENT.** Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on the Loan (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to 10% of the amount due, all without prior notice or opportunity of Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this Section shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court, nor shall this Agreement or any other Loan Document, Lender's right to attorneys' fees in the amount described herein or any other obligation hereunder or under any other Loan Document merge into any such judgment. The power to confess judgment granted in this paragraph may be exercised from time to time as often as Lender may elect. Borrower acknowledges that the actual amount of attorneys' fees incurred by Lender would be impossible to calculate at the time judgment by confession is entered, as all such fees would not yet have been incurred. Accordingly, Borrower agrees that attorneys' fees equal to 10% of the amount due are reasonable given the circumstances. Notwithstanding Lender's right to obtain a judgment for attorneys' fees in the amount described in this Section, Lender shall be entitled to retain only such attorneys' fees as are incurred by Lender in accordance with the Note. If the terms of this Section conflict with the terms of any other Loan Document, then the terms of this Section shall control.

**ADDITIONAL PROVISIONS.** Borrower is a limited liability company duly organized, validly existing, and in good standing under the laws of the State of Delaware. Borrower has the power and authority to consummate the transactions contemplated hereby, and has taken all necessary action to authorize the execution, delivery, and performance of this Borrower and any other documents executed and delivered by Borrower.

THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

**BORROWER:**

OB LLC

By: _____  (Seal)
M. Louis Offen, M.D., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _____  (Seal)
M. Louis Offen, M.D., Manager of BTC LLC

# EXHIBIT B

33058 291

**RECORDATION REQUESTED BY:**
American Bank

Clerk of
Circuit Court

After Recording, return to:
Commercial Title Company
100 West Road, #215
Towson, MD 21204
410-321-6075   11-CT-1295

OCT 2 6 2011

PR 050 CO CD #70

**SEND TAX NOTICES TO:**
OB LLC
115 Grafton Street
Chevy Chase, MD 20815

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

## PURCHASE MONEY DEED OF TRUST

**MAXIMUM LIEN.** The aggregate principal sum secured by this Deed of Trust is $2,500,000.00.

THIS DEED OF TRUST is dated October 19, 2011, among OB LLC, whose address is 115 Grafton Street, Chevy Chase, MD 20815 ("Grantor"); American Bank, whose address is 9001 Edmonston Road, Suite 100, Greenbelt, MD 20770 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and James E. Plack , whose address is 9001 Edmonston Road, Suite 100, Greenbelt, MD 20770 and Dennis N. Argerson, whose address is 9001 Edmonston Road, Suite 100, Greenbelt, MD 20770 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor irrevocably grants and conveys to Trustee, in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Grantor's present and future right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; and all rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Prince George's County, State of Maryland:

See Exhibit A, which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 8800 Grandhaven Avenue, Upper Marlboro, MD 20772.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Deed of Trust, Grantor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Grantor's obligations under the Note, this Deed of Trust, and the Related Documents.

POSSESSION AND MAINTENANCE OF THE PROPERTY. Grantor agrees that Grantor's possession and use of the Property shall be governed by the following provisions:

Possession and Use. Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

Duty to Maintain. Grantor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

Compliance With Environmental Laws. Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Nuisance, Waste. Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

Removal of Improvements. Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

Lender's Right to Enter. Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

Compliance with Governmental Requirements. Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Grantor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Grantor. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Maryland law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may require. Policies shall be written in form, amounts, coverages and basis acceptable to Lender and issued by a company or companies acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; or (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

## DEED OF TRUST
### (Continued)

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Grantor which Grantor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Grantor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place convenient to Lender and make it available to Lender promptly following Lender's request to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or agreed to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-In-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph. This power of attorney is coupled with an interest and shall not be affected by any actual disability of Grantor.

**FULL PERFORMANCE.** If Grantor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Grantor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender

33058 293

monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Deed of Trust, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, (a) the Trustee shall have the right to invoke the power of sale and Grantor hereby elects to the passage of a decree for the sale of the Real Property, and (b) Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Application of Proceeds.** Trustee shall apply the proceeds of any sale of Real Property as follows: (a) to all costs and expenses of the sale, including but not limited to (i) Trustee's fees of five percent (5%) of the gross sale price, or such other amount as may be approved by a court of equity, (ii) reasonable attorneys' fees and (iii) costs of title evidence, and (b) to all sums secured by this Deed of Trust, and (c) the excess, if any, to the person or persons legally entitled thereto.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Without notice to Grantor, Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness and Grantor hereby consents to the appointment of such a receiver. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount and whether or not such receivership is incidental to a proposed sale of the Property or otherwise. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Grantor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office in the jurisdiction where this Deed of Trust has been recorded. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page where this Deed of Trust is recorded, and the name of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Power to Act Separately.** If more than one Trustee is named in this Deed of Trust, any Trustee may act alone, without the joinder of any other Trustee, to exercise any or all the powers given to the Trustees collectively in this Deed of Trust or by applicable law.

33058 294

**DEED OF TRUST**
(Continued)

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, if hand delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, and as certified mail postage prepaid, bearing a postmark from the United States Postal Service, directed to the addresses shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**ASSOCIATION OF UNIT OWNERS.** The following provisions apply if the Real Property has been submitted to unit ownership law or similar law for the establishment of condominiums or cooperative ownership of the Real Property:

**Power of Attorney.** Grantor grants an irrevocable power of attorney to Lender to vote in Lender's discretion on any matter that may come before the association of unit owners. Lender shall have the right to exercise this power of attorney only after Grantor's default; however, Lender may decline to exercise this power as Lender sees fit.

**Insurance.** The insurance as required above may be carried by the association of unit owners on Grantor's behalf, and the proceeds of such insurance may be paid to the association of unit owners for the purpose of repairing or reconstructing the Property. If not so used by the association, such proceeds shall be paid to Lender.

**Default.** Grantor's failure to perform any of the obligations imposed on Grantor by the declaration submitting the Real Property to unit ownership, by the bylaws of the association of unit owners, or by any rules or regulations thereunder, shall be an event of default under this Deed of Trust. If Grantor's interest in the Real Property is a leasehold interest and such property has been submitted to unit ownership, any failure by Grantor to perform any of the obligations imposed on Grantor by the lease of the Real Property from its owner, any default under such lease which might result in termination of the lease as it pertains to the Real Property, or any failure of Grantor as a member of an association of unit owners to take any reasonable action within Grantor's power to prevent a default under such lease by the association of unit owners or by any member of the association shall be an Event of Default under this Deed of Trust.

**NO ADDITIONAL LIEN PROVISION.** No additional liens, either junior or senior given by the Borrower to secure the Lender in connection with the loan referred to in this Deed of Trust shall be permitted without the prior written consent of the Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Grantor's residence, Grantor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Grantor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Incorporation by Reference.** The terms, conditions, and provisions of the Guaranty and Related Documents are incorporated by reference in this Deed of Trust to the same extent as if set forth in full in this Deed of Trust. Should any of the terms, conditions, and provisions of the Guaranty or of any other Related Document conflict with the terms, conditions, or provisions of this Deed of Trust, the Trustee or Lender shall select which of the terms, conditions, and provisions shall govern and control.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Maryland without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of Maryland.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means American Bank, and its successors and assigns.

**Borrower.** The word "Borrower" means OB LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Grantor.** The word "Grantor" means OB LLC.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the

**33058 296**

**DEED OF TRUST**
(Continued)

Page 6

Note.

Hazardous Substances. The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

Improvements. The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

Indebtedness. The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

Lender. The word "Lender" means American Bank, its successors and assigns.

Note. The word "Note" means the promissory note dated October 19, 2011, in the original principal amount of $2,500,000.00 from Grantor to Lender, together with all modifications of and renewals, replacements, and substitutions for the promissory note or agreement. NOTICE TO GRANTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE.

Personal Property. The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

Property. The word "Property" means collectively the Real Property and the Personal Property.

Real Property. The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

Related Documents. The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

Rents. The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

Trustee. The word "Trustee" means James E. Plack , whose address is 9001 Edmonston Road, Suite 100, Greenbelt, MD 20770 and Dennis N. Algerson, whose address is 9001 Edmonston Road, Suite 100, Greenbelt, MD 20770 and any substitute or successor trustees.

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND GRANTOR AGREES TO ITS TERMS.

THIS DEED OF TRUST IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS DEED OF TRUST IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

GRANTOR:

OB LLC

By: _____ (Seal)
M. Louis Offen, M.D., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _____ (Seal)
M. Louis Offen, M.D., Manager of BTC LLC

---

**LIMITED LIABILITY COMPANY ACKNOWLEDGMENT**

STATE OF ___Maryland___ )
                                                    ) SS
COUNTY OF ___Montgomery___ )

On this ___19th___ day of ___October___, 20 __11__ , before me, the undersigned Notary Public, personally appeared M. Louis Offen, M.D., Manager of OB LLC and M. Louis Offen, M.D., Manager of BTC LLC, Member of OB LLC, and known to me to be members or designated agents of the limited liability company that executed the Deed of Trust and acknowledged the Deed of Trust to be the free and voluntary act and deed of the limited liability company, by authority of statute, its articles of organization or its operating agreement, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute this Deed of Trust and in fact executed the Deed of Trust on behalf of the limited liability company.

By _____          Residing at ___Germantown___
Notary Public in and for ___Montgomery County MD___     My commission expires ___04/12/2014___

SUVARNA INJETI
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
MY COMMISSION EXPIRES APR. 12, 2014

**DEED OF TRUST**
(Continued)

33058  297

Page 7

---

## LENDER CERTIFICATION

THIS IS TO CERTIFY that the foregoing Deed of Trust was prepared by American Bank, the party secured by the Deed of Trust.

American Bank

By: _Jacquelyn Hunt Erwin_

Jacquelyn Hunt-Erwin

Its: Senior Loan Documentation Specialist

---

## AFFIDAVIT OF CONSIDERATION AND DISBURSEMENT

STATE OF _Md_                                    )

_County_  of _Baltimore_                          ) SS

I HEREBY CERTIFY that on this _14th_ day of _October_, 20 _11_ before me, the undersigned, a Notary Public of the _County aforesaid_ in and for _____, personally appeared _Mary Ann Hammel_ the agent of Lender, known to me or satisfactorily proven, who made oath or affirmation in due form of law that the consideration recited in the Deed of Trust is true and bona fide as set forth therein, that the actual sum of money advanced at the closing transaction by Lender was paid over and disbursed by Lender to either the borrower or the person responsible for disbursement of funds in the closing transaction or to his or her respective agent at a time no later than the execution and delivery of the Deed of Trust by the grantor, that he or on behalf of Lender, and that he or she is duly authorized to make this affidavit.

WITNESS my hand and Notarial Seal.

_Mary E. McCarron_

Notary Public

My Commission Expires: _3/15/11_

[Notary Seal: MARY E. MCCARRON, NOTARY PUBLIC, BALTIMORE COUNTY, MD, MY COMM EXPIRES]

---

## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

Date: _____  Beneficiary: _____

By: _____

Its: _____

---

LASER PRO Lending, Ver. 5.56.00.005  Copr. Harland Financial Solutions, Inc. 1997, 2011.  All Rights Reserved.  - MD  G:\CFI\WIN\CFI\LPL\G01.FC TR-3001 PR-3

33058 298

# Exhibit A

BEING KNOWN AND DESIGNATED as Parcel "B" in the subdivision known as "Plat Two (2), The Woods of Marlton," as per plat thereof recorded among the Land Records of Prince George's County, Maryland in Plat Book NLP 147 at Plat No. 84; being in the 15th Election District of said County.

Said property being known as No. 8800 Grandhaven Avenue.

BEING the same property which, by Deed of even date and recorded or intended to be recorded prior hereto in the Land Records of the County of Prince George's, Maryland, was granted and conveyed by Xzerta Marlton, LLC unto OB LLC, in fee simple.

BOOK: 51215 PAGE: 78

## CONFIRMATORY ASSIGNMENT OF DEED OF TRUST

**FORBRIGHT BANK**, formerly known as **CONGRESSIONAL BANK**, itself successor by merger to **AMERICAN BANK** ("Assignor"), as the holder of the loan ("Loan") evidenced by the Promissory Note dated October 19, 2011 in the original principal amount of $2,500,000.00 from **OB LLC**, a Delaware limited liability company ("Borrower"), to the order of Assignor ("Note"). The security for the Note includes the Purchase Money Deed of Trust dated as of October 19, 2011 and recorded among the Land Records of Prince George's County, Maryland in Liber 33058, folio 291 from Borrower to **JAMES E. PLACK** and **DENNIS A. ARGERSON**, trustees, for the benefit of Assignor, encumbering the property described in Exhibit A attached hereto and made a part hereof ("Deed of Trust").

For value received, pursuant to the Contribution Agreement between American Bank and Assignee (defined below) dated as of December 31, 2015 ("Contribution Agreement"), American Bank sold, assigned and transferred the Loan and the Note to Assignee. In order to acknowledge and confirm the sale, assignment and transfer of the Loan and the Note to Assignee pursuant to the Contribution Agreement, Assignor hereby transfers, without recourse, representation or warranty, all of its right, title and interest in the Deed of Trust to **DEMOCRACY CAPITAL CORPORATION**, a Delaware corporation ("Assignee"), whose mailing address is 4800 Montgomery Lane, 10th Floor, Bethesda, Maryland 20814.

TO HAVE AND TO HOLD unto Assignee and to the successors and assigns of Assignee forever.

IN WITNESS WHEREOF, the undersigned has executed, signed and sealed this Assignment of Deed of Trust as of ~~June~~ 5th, 2025.

WITNESS/ATTEST: ~~July~~ August

FORBRIGHT BANK
Formerly known as CONGRESSIONAL BANK
Successor by merger to AMERICAN BANK

By:
Name: Don Cole
Title: CEO

### Acknowledgment

STATE OF MARYLAND, CITY/COUNTY OF Montgomery, TO WIT:

I HEREBY CERTIFY that on this 5th day of August, 2025, before me, the undersigned Notary Public of the jurisdiction aforesaid, personally appeared Don Cole, and acknowledged her/himself to be the CEO of FORBRIGHT BANK, formerly known as CONGRESSIONAL BANK, itself successor by merger to AMERICAN BANK, and acknowledged that s/he, being authorized so to do, executed the foregoing instrument in the aforesaid capacity for the purposes therein contained.

IN WITNESS MY Hand and Notarial Seal.

_____ (SEAL)
NOTARY PUBLIC

My Commission Expires:

Sept 25, 2025

CAROL D. BAKER
Notary Public-Maryland
Montgomery County
My Commission Expires
September 25, 2025

Return to:
Harbor City Research
5523 Research Park Drive, Suite 205
Baltimore, Maryland 21228
G 325998 / 27566

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 51215, p. 0078, MSA_CE64_51524. Date available 09/03/2025. Printed 09/04/2025.

BOOK: 51215 PAGE: 79

# CLERK VALIDATION

## SHEET

```
LR - Assignment
Recording Fee      20.00
Name: Plack
Ref:
LR - Assignment
Surcharge          40.00
==========================
SubTotal:          60.00
==========================
Total:             60.00
08/27/2025  02:56
              CC16-JeH
#19153926 CC0703 -
Prince George's
County/CC07.03.05 -
Register 05
```

*Mahasin El Amin* – Clerk
Prince George's County Circuit Court
14735 Main Street
Upper Marlboro, MD 20772

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 51215, p. 0079, MSA_CE64_51524. Date available 09/03/2025. Printed 09/04/2025.