IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 25-20897-MCR |
| OB LLC | Chapter 11 |
| Debtor. | |
| _____/ | |

**OPPOSITION TO MOTION TO DETERMINE
DEBTOR IS A SINGLE ASSET REAL ESTATE ENTITY AND
RESPONSE TO OBJECTION TO SMALL BUSINESS DESIGNATION**

Comes now OB LLC ("OB" or the "Debtor"), by and through undersigned counsel, in (i) opposition to the motion of Democracy Capital Corporation ("DCC") to determine the Debtor is a single asset real estate entity, DE #31 (the "SARE Motion"); and (ii) response to the objection of DCC to the Debtor's designation as a small business, DE #32 (the "Small Business Objection"), and in support of said oppositions responds as follows:

I.      **Introduction**

Insofar as the real estate owned by OB is zoned for residential use, and currently has fewer than four units, the Debtor is expressly exempted from being a single asset real estate entity (a "SARE") under Title 11 of the United States Code (the "Bankruptcy Code"). Given that DCC's objection to small business status is solely pegged to allegations the Debtor is a SARE, this also means OB remains a properly self-designated small business debtor, eligible to proceed under Subchapter V.

To be sure, challenges to SARE designations and Subchapter V elections can often be replete with complexities. Questions of variable income sources frequently encompass the former variety of contests, while charges that a debtor is not "engaged in commercial or business activities," 11 U.S.C. § 101(51D)(A), so often dominate the latter variety of disputes. Yet the

1

issue instantly manifest is much simpler: OB owns but a single asset of real property, does not feign to have any extant stream of income (aside from revenue to be derived from a proposed sale), is not engaged in any other form of business or commercial operations, does not claim to have amalgamated multiple real estate holdings without a sufficiently intimate geographic nexus as to be considered a single project, and is a legal entity engaged in the business of owning—and marketing for sale—real property. Quite plainly, OB either falls within the "residential" exception to being a SARE or OB is a SARE. Equally plainly, OB either is a small business debtor or is a SARE.

As discussed in greater detail *infra*, however, OB clearly falls within that "residential" exception and is accordingly not a SARE. This, in turn, means the small business designation in this case is proper and the Debtor should be permitted to continue to endeavor to reorganize under Subchapter V.

Moreover, and as noted in the conclusion of this brief, a somewhat-unique eccentricity underlies the SARE Motion and Small Business Objection: the relief sought would not benefit DCC in any legally cognizable manner whatsoever. These filings appear to evidence little more than a creditor's efforts to work economic mischief—not to the benefit of the creditor but, solely, to the detriment of the Debtor—in the heart of a chapter 11 case. The only meaningful difference between this case being in Subchapter V, and this case being a SARE proceeding without a small business designation, would be the mandate of payment of US Trustee fees. Based on the contours of this particular proceeding, and the plan already proposed by the Debtor, not much else would change. Yet DCC is nonetheless seeking relief that would be solely deleterious to the Debtor, and not economically (or even procedurally) beneficial to DCC. Such is assuredly neither accident

nor folly. And there is accordingly some import, from the outset, in recognizing the particularized gamesmanship that necessarily underlies the SARE Motion and the Small Business Objection.

## II.     Relevant Facts

1. OB's sole tangible asset is a parcel of real property commonly known as 8800 Grandhaven Avenue, Upper Marlboro, Maryland 20772 (the "Property"). *See* Schedule A/B, DE #1, at § 55, p. 10; SARE Motion, DE #31, at § II(A), p. 2.

2. The Property is zoned as RMF-20. *See* Zoning Map, attached hereto as Exhibit A.

3. RMF-20 is a "Residential" zoning category. *Id.*

4. Properties with an RMF-20 zoning designation may be used for two-family dwelling units, three-family dwelling units, townhouse dwelling units, or multifamily dwelling units. *See* Prince George's County Zoning Ordinance 27-4202(h), attached hereto as Exhibit B.

5. The Property is presently undeveloped. *See* SARE Motion, DE #31, at § II(A), ¶ 3, p. 2.

## III.    Argument: The Property Falls Within the Residential Exception to SARE

The Property is residential in nature, as a matter of law, and has had fewer than four units at all times relevant. So while OB may satisfy the other rigors of being a SARE, and while there is no question but that this case concerns the fate of a business whose existence is synonymous with that of a singular parcel of real estate, this is not a SARE case.

Familiarly, the Bankruptcy Code limits access to Subchapter V to small business debtors. 11 U.S.C. § 1182. "Small business debtor," in turn, is defined in such a manner as to exclude "a person whose primary activity is the business of owning single asset real estate." 11 U.S.C. § 101(51D)(A). And "single asset real estate" is defined as:

> . . . real property constituting a single property or project, **other than residential real property with fewer than 4 residential units**, which generates substantially

> all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B) (emphasis added).

Here, there is no question but that Prince George's County, Maryland has zoned the Property in such a manner as to render the lot of land "residential real property." And there is equally no question but that the Property is unimproved, meaning the land currently has zero residential units—a number that is "fewer than 4." *See, e.g.*, *In re 2034 Sunset Plaza Drive*, 616 B.R. 781, 782-83 (Bankr. C.D. Cal. 2020) ("In fact, there are zero units on the Property, and zero is less than four.").

To be sure, there is plentiful case law holding raw land to qualify as SARE, but almost every such case concerns either land zoned for non-residential purposes or a consortium of more than four separate real estate holdings. *See, e.g.*, *In re Kachina Vill., LLC*, 538 B.R. 124, 126 (Bankr. D.N.M. 2015) (property is SARE where "Debtor also represents that the restrictive covenants binding the Property require mixed-use development or multiple residences"); *In re Webb MTN, LLC*, 2008 Bankr. LEXIS 691, at *11 (Bankr. E.D. Tenn. Mar. 6, 2008) (five separate tracts of land constitute SARE); *In re Pioneer Austin E. Dev. I, Ltd.*, 2010 Bankr. LEXIS 2160 (Bankr. N.D. Tex. July 1, 2010) (eight separate tracts of land constitute SARE); *In re Mt. Edge Ltd. Liab. Co.*, 2012 Bankr. LEXIS 4784 (Bankr. D.N.M. Oct. 10, 2012) (twenty-four separate residential lots constitute SARE).

Critically, though, precedent also recognizes that undeveloped, raw land *can* fall within the residential exception to SARE. The Kachina Village court observed that "[a] good example of raw land that might come within the Residential Exception would be between one and three lots, zoned strictly for residential development, upon which the debtor intended to build from one to three houses." *In re Kachina Vill., LLC*, 538 B.R. at 128. And the 2034 Sunset Plaza Drive court found

a debtor to not constitute a SARE when the entity's asset was "zoned only for use as a single family residence," with the debtor intending to construct such a residence. *In re 2034 Sunset Plaza Drive*, 616 B.R. at 782.

Amongst the best settled of canons of statutory interpretation is the application of a Congressional enactment's "plain meaning." *See, e.g.*, *Ojiegbe v. Walter (In re Ojiegbe)*, 512 B.R. 513, 523 (Bankr. D. Md. 2014) ("When interpreting a statute, courts first consider the plain meaning of the statutory language.") (citing *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010)); *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("We cannot replace the actual text with speculation as to Congress' intent.").

Here, the Debtor clearly falls within the plain meaning of the residential exception to being a SARE. The Property *is* residential—there is no permissible, lawful use of the real estate, as of present, other than as residential real property. And the Property contains "fewer than 4 residential units," 11 U.S.C. § 101(51B), with "zero" plainly being a number "fewer than 4." The statute does not require property be an "occupied residence," nor that the number of units be "at least one." The statute, rather, exempts "residential real property with fewer than 4 residential units," *id.*, and such is undisputedly the nature of the Property *sub judice*.

OB thusly does not qualify as a SARE, under the plain language of the Bankruptcy Code. And if OB is not a SARE, not only does the SARE Motion merit denial but, too, DCC's challenge to the Debtor's small business designation (and, by extension, Subchapter V election) also fails as a matter of law.

### IV.   Conclusion

It bears notation that there exists a somewhat-cynical element to the SARE Motion: declaring OB a SARE, and stripping OB of its small business designation and Subchapter V

election, would not materially impact DCC in any manner whatsoever. The familiar peril of being a SARE—being compelled to present a confirmable plan, or commence making interest-only payments to a lender, within ninety days, 11 U.S.C. § 362(d)(3)—is inapplicable in this case, where a confirmable plan has already been proposed, DE #22, and promptly amended to address DCC's substantive objection to the provisions thereof, DE #27, DE #36.

Similarly, the normative perils of being a creditor in a Subchapter V case are inapplicable to DCC. With an offer to purchase the Property before this Honorable Court, OB will have the ability to modify its plan to pay all allowed claims, in full, on the effective date of the plan, thereby ensuring there is an accepting class, 11 U.S.C. § 1126(f), and negating the benefit of being able to confirm a plan without an accepting class in Subchapter V, 11 U.S.C. § 1191.

Indeed, the only tangible results of deeming OB a SARE, and stripping OB of the Debtor's Subchapter V election, would be to impose US Trustee fees on OB, *see* 28 U.S.C. § 1930(a)(6) (exempting Subchapter V cases from US Trustee quarterly fees), and deprive the parties of the services of the Subchapter V trustee, 11 U.S.C. § 1183(a).[1]

Imposing fees on the Debtor would, no doubt, result in equity receiving less of a distribution when this case concludes. And stripping the parties of the services of the Subchapter V trustee would only serve to make compromise, and the emergence of reason, ever-more-difficult in a case already tainted by the vexatious inclinations of DCC. Neither of these are sensible nor laudable ends. Yet they appear, quite genuinely, to be the only ends that would be achieved through granting the SARE Motion or sustaining the Small Business Objection.

---

[1] OB would also be compelled to file moderately-more-cumbersome monthly operating reports—another ramification of no cognizable benefit to DCC.

Fortunately, as established *passim*, the SARE Motion fails on the merits, and the Small Business Objection necessarily falls in sync with the SARE Motion. A residential property, with fewer than four units, is not—and, legally, cannot be—a SARE.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) deny the SARE Motion; (ii) overrule the Small Business Objection; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 12, 2026    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- James Taylor Heidelbach    jheid@gebsmith.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Keith M. Lusby    klusby@gebsmith.com
- Stephen A. Metz    smetz@offitkurman.com, MD71@ecfcbis.com;lydia.yale@offitkurman.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.