Entered: January 27th, 2026
Signed: January 26th, 2026
**SO ORDERED**



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In re

OB LLC,

     Debtor.
_____/

Case No. 25-20897-MCR

Chapter 11

### ORDER GRANTING MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, OVERRULING OBJECTION TO SMALL BUSINESS DESIGNATION, AND DENYING MOTION TO DECLARE DEBTOR SINGLE ASSET REAL ESTATE ENTITY

Upon consideration of the Motion to Sell Real Property Free and Clear of All Liens, DE #10 (the "Sale Motion") filed by OB LLC ("OB" or the "Debtor"), the Motion of Democracy Capital Corporation ("DCC") to determine the Debtor is a single asset real estate entity, DE #31 (the "SARE Motion"), and the objection of DCC to the Debtor's designation as a small business debtor, DE #32 (the "Small Business Objection"); the briefing of the parties thereon; evidenced adduced at a hearing on January 15, 2026; the record herein; and governing law, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

FOUND, for the reasons stated on the record at the close of the aforesaid evidentiary hearing, that the Debtor has satisfied the rigors of subsections (b), (f), and (m) of Section 363 of Title 11 of the United States Code; and it is further

1

FOUND, that notice to creditors, of the Sale Motion, has been adequate and sufficient in nature; and it is further

ORDERED, that OB LLC ("OB" or the "Debtor") is authorized to enter into the First Amendment to Purchase and Sale Agreement (the "Amendment"), attached to the Sale Motion as Exhibit B; and it is further

ORDERED, that OB is authorized to sell the real property commonly known as 8800 Grandhaven Avenue, Upper Marlboro, Maryland 20772 (the "Property"), to Werrlein Properties Limited Liability Company or its assignee ("WPLLC"), pursuant to the terms of the Amendment and the underlying sales contract (the "Contract"), attached to the Sale Motion as Exhibit A; and it is further

ORDERED, that said sale shall be free and clear of all liens and encumbrances upon the Property, with DCC's lien to attach to the proceeds of such sale with the same validity and priority as such lien had against the Property; and it is further

ORDERED, that the Debtor shall pay, at the time of closing on the sale of the Property, the sum of Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) to DCC, with such payment being expressly without prejudice to the right of the Debtor to clawback, avoid, or otherwise seek a return of a portion of the subject monies, should the claim of DCC later be adjudicated to be allowed in a lesser sum; and it is further

ORDERED, that the Debtor and WPLLC shall prorate real estate taxes on the Property, as of the date of the closing of the sale thereof, and the Debtor's portion of such taxes—inclusive of any pre-petition obligation owed to taxing authorities and secured by the Property—shall be paid, at closing, to the subject taxing authority(ies); and it is further

3

ORDERED, that the net proceeds of the sale of the Property shall be deposited, by the Debtor or by such closing agent as WPLLC may designate to conduct the closing, into a debtor-in-possession account held in the name of the Debtor and such funds shall remain in the debtor-in-possession account pending further order of the Court; and it is further

ORDERED, that WPLLC shall be considered a good faith purchaser, for purposes of Section 363(m) of Title 11 of the United States Code; and it is further

ORDERED, that the SARE Motion be, and hereby is, DENIED; and it is further

ORDERED, that the Small Business Objection be, and hereby is, OVERRULED.

Copies:
All Counsel of Record