UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re<br><br>OB LLC,<br><br>　　　　　Debtor. | Case No.  25-20897<br><br>Chapter 11 |

### LIMITED OBJECTION TO DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

Democracy Capital Corporation submits this limited objection to OB LLC's Second Amended Plan of Reorganization [D.E. 50] (the "Plan"). In support of this limited objection, Democracy states as follows:

### BACKGROUND

1. Democracy is the Debtor's senior secured creditor and holds a duly-perfected, first-priority lien in, to, and against the Debtor's sole asset, a parcel of real property commonly known as 8800 Grandhaven Avenue, Upper Marlboro, Maryland 20772 ("Property").

2. Democracy has filed a proof of claim [Claim No. 1], to which the Debtor intends to object.[1]

3. The Court, over Democracy's objection, previously authorized a sale of the Property to Werrlein Properties Limited Liability Company (the "Purchaser") pursuant to Section 363 of the Bankruptcy Code [D.E. 55].

4. To address Democracy's disputed claim, the Court ordered that: (a) Democracy be paid $3.5 million from the sale proceeds; and (b) Democracy's lien attach to the remaining

---

[1] The Debtor filed an objection to Democracy's claim at D.E. 46. However, the objection was stricken for failure to cure the pleading in response to a deficiency notice. No present objection is pending as of the date of this filing.

proceeds, which are to be held in the Debtor's debtor in possession or "DIP" account pending further order of the Court. *Id.*

5.  The Plan largely incorporates this same structure. It provides for the sale of the Property to the Purchaser for $4 million, distribution of $3.5 million to Democracy, and retention of the balance of the proceeds pending adjudication of Democracy's allowed claim.

6.  Given the Court's prior order authorizing the sale, Democracy does not object to the conceptual approach of the Plan; namely, holding the sale proceeds in escrow pending adjudication of Democracy's claim.

7.  However, the Plan is internally inconsistent in certain respects, contains no outside deadline for the sale, and fails to establish a workable enforcement structure in the event the contemplated sale does not occur.

## **LIMITED OBJECTION**

8.  The Plan, as written, is not feasible. The Debtor's sole funding source consists of the sale proceeds from the Property. Pursuant to the Court's prior sale order and the terms of the Plan, those proceeds are to be retained in the Debtor's DIP account pending resolution of Democracy's claim. However, the Plan simultaneously provides for payment of administrative expenses within five (5) days after the later of: (a) the closing of the sale; or (b) the date such claims are allowed.

9.  Democracy understands that, under the Court approved contract, the sale is scheduled to close in late February. The Debtor's objection to Democracy's claim will not be resolved by that time and there is no guarantee it will be resolved prior to the allowance of any

administrative claims. Accordingly, the Plan is internally inconsistent and not feasible as proposed.[2] *See* 11 U.S.C. § 1129(a)(11).

10. Additionally, the Plan currently lacks an adequate means of implementation. *See* 11 U.S.C. § 1129(a)(5).

11. The Plan implies, but does not explicitly state,[3] that the sale to the Purchaser will occur on the same terms as those presented to the Court in connection with the Debtor's sale motion.

12. However, the Plan does not require that the sale close pursuant to the terms of the Court approved contract or otherwise establish any deadline for completion of the sale of the Property. As written, the Debtor effectively has an indefinite period of time to close the sale to the Purchaser for $4 million. Absent a defined timeline for the sale, the Plan lacks an adequate means of implementation. *See, e.g., In re Claar Cellars LLC*, 623 B.R. 578 (Bankr. E.D. Wash. 2021).

13. Compounding these concerns, the Plan does not clearly address the consequences or available remedies if the contemplated sale does not occur.

14. Although the Plan preserves Democracy's lien, it does not preserve Democracy's state law enforcement rights or establish a clear remedy upon default. The default provisions of the Plan (§ 8.05) require notice of default and a thirty-day cure period, and thereafter merely provide for equitable remedies and enforcement of the Plan as a contract. What is not explicitly

---

[2] Because this is a Subchapter V case, the Debtor is permitted to defer payment of administrative expenses (11 U.S.C. § 1191(e)), but such proposed treatment does not appear in the Plan.

[3] The Plan provides for the assumption of the pre-petition contract with the Purchaser.

preserved, however, are Democracy's state law rights under its loan documents to enforce its lien against the Property.

15. Because the Plan does not require the sale to occur by any defined date, it is further unclear what event would constitute a default based upon a failure to complete the sale of the Property, leaving Democracy without a clear enforcement trigger.

## RESERVATION OF RIGHTS

16. Because this is a Subchapter V case, the Plan contains information that would traditionally be included in a disclosure statement, including discussions regarding Democracy's claim and its alleged conduct prior to the Petition Date. Democracy does not concede that any such allegations are true or correct. By way of example, Democracy disputes that it is responsible for frustrating the closing of a prior sale to the Purchaser. Similarly, Democracy disputes the Debtor's assertion that Democracy's claim totals only $2.7 million and maintains that its claim is as set forth in its Proof of Claim. Democracy expressly reserves all rights with respect to the allowance and amount of its claim.

17. Second, as noted above, the Plan implies, but does not expressly state, that the sale of the Property to the Purchaser will be on the same terms and conditions approved by the Court in connection with the sale motion. While Democracy assumes this is the case, it reserves the right to object to confirmation of the Plan and the proposed sale to the extent the terms deviate from those previously presented and approved.

## CONCLUSION

18. For the foregoing reasons, the Court should deny confirmation of the proposed Plan as currently drafted, or, in the alternative, condition confirmation on appropriate modifications that resolve the feasibility and implementation issues identified herein, including deferring payment of

administrative expenses until after the amount of Democracy's allowed claim is finally determined.

                                                                          Respectfully submitted,

                                                                          */s/ Keith M. Lusby*
                                                                          James T. Heidelbach (Bar No. 07715)
                                                                          Keith M. Lusby (Bar No. 05596)
                                                                          Gebhardt and Smith LLP
                                                                          One South Street, Suite 2200
                                                                          Baltimore, Maryland 21202
                                                                          (410) 385-5028
                                                                          klusby@gebsmith.com

                                                                          *Counsel to Democracy Capital Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2026, I electronically filed the foregoing *Limited Objection* via CM/ECF, which will send notice of the filing to the following counsel of record:

Justin Philip Fasano jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com,
tmackey@mhlawyers.com,
mevans@mhlawyers.com,
cmartin@mhlawyers.com,
Fasano.JustinR92003@notify.bestcase.com

James Taylor Heidelbach jheid@gebsmith.com

Nicole C. Kenworthy bdept@mrrlaw.net

Keith M. Lusby klusby@gebsmith.com

Stephen A. Metz smetz@offitkurman.com,
MD71@ecfcbis.com,
lydia.yale@offitkurman.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov,
USTPRegion04.GB.ECF@USDOJ.GOV

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com,
lisa@mbvesq.com,
mahlon@dcbankruptcy.com,
mac@dcbankruptcy.com,
verstandig.mauricer104982@notify.bestcase.com,
verstandiglaw@recap.email

*/s/ Keith M. Lusby*
Keith M. Lusby