IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE:<br><br>OB LLC,<br><br>Debtor. | Case No.: 25-20897-MCR<br>Chapter 11 (Subchapter V) |

**UNITED STATES TRUSTEE'S OBJECTION TO <u>CONFIRMATION OF DEBTOR'S CHAPTER 11, SUBCHAPTER V PLAN</u>**

Matthew W. Cheney, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, files this Objection to Confirmation of Debtor's Chapter 11, Subchapter V Plan ("Objection"), and in support thereof states as follows:

**Background**

1. OB LLC (the "Debtor") filed the present case under Chapter 11 of the Bankruptcy Code on November 19, 2025, electing to proceed under Subchapter V of Chapter 11.

2. On November 19, 2025, the United States Trustee appointed Stephen Metz to serve as the Subchapter V Trustee (the "Trustee"). Doc. No. 4.

3. On January 16, 2026, the Debtor filed the Second Amended Chapter 11 Plan (the "Plan"). Doc. No. 50.

4. The Debtor owns undeveloped real property located at 8800 Grandhaven Avenue, Upper Marlboro, Maryland ("Real Property"). The Debtor financed the acquisition through a loan from Democracy Capital Corporation ("DCC"), later defaulted, and now disputes the amount owed.

5. On November 21, 2025, the Debtor filed a Motion to Sell the Real Property (the "Motion to Sell"). The Debtor proposed selling the Real Property to Werrlein Properties Limited

Liability Company ("WPLLC") under a pre-petition sales contract for $4,000,000.00.  Doc. No. 10.

6. Over the objection of DCC, the Court granted the Motion Sell and provided "that the Debtor shall pay, at the time of closing on the sale of the Property, the sum of Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) to DCC, with such payment being expressly without prejudice to the right of the Debtor to clawback, avoid, or otherwise seek a return of a portion of the subject monies, should the claim of DCC later be adjudicated to be allowed in a lesser sum …"  Doc. No. 55.  The Plan list the claim of DCC as a secured disputed claim.

7. The Debtor has not filed a single Monthly Operating Report ("MOR") since the petition date, despite repeated requests from the United States Trustee.

8. The Debtor has also failed to open a debtor-in-possession ("DIP") bank account, another fundamental requirement of Chapter 11 administration.

## Discussion

9. The United States Trustee has several concerns with the Plan as drafted that should be addressed prior to the Plan being confirmed.  The United States Trustee reached out to counsel for the Debtor on numerous occasions in an attempt to discuss the failure to file MORs and open a DIP bank account, without success.  The United States Trustee asserts that the Plan, in its current form, is not confirmable for the following reasons:

**A. The Debtor Has Not Demonstrated Feasibility**

10. Section 1191(c)(3) requires a showing that the Debtor will be able to make all payments under the Plan or that there is a reasonable likelihood of doing so.  Section 1129(a)(11) similarly requires that confirmation is not likely to be followed by liquidation or further

reorganization unless expressly contemplated by the Plan.

11. The feasibility requirement for confirmation under § 1191(c) requires a showing that the debtor can realistically carry out its plan. Though a guarantee of success is not required, "a debtor must be able to show that it can accomplish what it proposes to do, in the time period allowed, and on the terms set forth in the plan." *In re Pearl Res. L.L.C.*, 622 B.R. 236, 263 (Bankr. S.D. Tex. 2020) (Bkrtcy.S.D.Tex., 2020).

12. The Debtor's failure to file MORs and to open a DIP bank account constitutes cause for dismissal or conversion under § 1112(b)(4)(B), (F), and (H). A plan cannot be feasible when the Debtor's ongoing noncompliance places the case at risk of liquidation in Chapter 7.

13. These administrative failures also undermine confidence in the Debtor's ability to perform under the Plan. Courts routinely consider a debtor's past performance as an indicator of its capacity to meet future obligations. *See In re Northbelt, L.L.C.*, 630 B.R. 228, 281 (Bankr. S.D. Tex. 2020). The Debtor's track record in this case suggests that successful consummation of the Plan is unlikely.

### B. The Plan Fails to Demonstrate That Sufficient Funds Exist to Pay Required Claims

14. It is also unclear that there will be sufficient funds to pay the claims as stated in the Plan. The Plan proposes to pay Administrative Expense Claims in full on the later of (i) the fifth calendar day after the Debtor closes on a sale of the Real Estate; or (ii) the fifth calendar say after such claim becomes an allowed claim. However, the Plan contains no estimate of Administrative Expense Claims. Without such information, neither the United States Trustee nor the Court can determine whether the sale proceeds will be sufficient to satisfy these obligations.

15. Similarly, the Plan proposes to pay Taxing Authority Claims "in full, at closing on the Debtor's closing of a sale of the Real Estate." There are no projections accompanying the

Plan to show that there will be sufficient funds to pay Taxing Authority Claims in full after the unknown Administrative Expense Claims are paid in full.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that the Court deny confirmation of the Debtor's Chapter 11, Subchapter V Plan, or require the Debtor to file an amended or modified Plan addressing the concerns raised herein, and that the Court grant such other and further relief as is just.

Date: February 4, 2026                    Submitted by,

Matthew W. Cheney
Acting United States Trustee for Region 4
By Counsel

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
Fax: (301) 344-8431
Email: Jeanette.Rice@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2026, a copy of the foregoing United States Trustee's Objection was served electronically through the Court's Electronic Case Filing notices system on the following:

Maurice Belmont VerStandig mac@mbvesq.com,lisa@mbvesq.com,mahlon@dcbankruptcy.com mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com, tmackey@mhlawyers.com, mevans@mhlawyers.com, cmartin@mhlawyers.com, Fasano.JustinR92003@notify.bestcase.com

James Taylor Heidelbach jheid@gebsmith.com

Nicole C. Kenworthy bdept@mrrlaw.net

Keith M. Lusby klusby@gebsmith.com

Stephen A. Metz smetz@offitkurman.com, MD71@ecfcbis.com, lydia.yale@offitkurman.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

<i>/s/ L. Jeanette Rice</i><br>
L. Jeanette Rice