**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing:  YES<br>Exhibits Filed:  NO

PROCEEDING MEMO − CHAPTER 11

**Case: 25-20897-MCR**  Date: 02/10/2026 at 10:00 a.m.
**OB LLC**

Appearances:   Maurice Belmont VerStandig, counsel for Debtor
Kevin Feig, counsel for Werrlein Properties Limited Liability Company
Keith M. Lusby, counsel for Democracy Capital Corporation
Stephen A. Metz, Subchapter V Trustee
L. Jeanette Rice, Office of the United States Trustee

Also present:   Erik Bolog, Debtor representative

[50] Second Amended Chapter 11 Plan Filed by OB LLC (related document(s)36 Amended Chapter 11 Plan filed by Debtor OB LLC, 49 Amended Chapter 11 Plan filed by Debtor OB LLC). (Attachments: # 1 Redline Comparison Copy)

   [58] Limited Objection to Confirmation of Plan Filed by Democracy Capital Corporation (related document(s)50 Amended Chapter 11 Plan filed by Debtor OB LLC).

   [61]  Tally of Ballots on behalf of OB LLC Filed by Maurice Belmont VerStandig. (Attachments: # 1 Ballot of Prince George's County, Maryland)

COMMENTS:   Mr. Feig will file a notice of appearance within 24 hours.

The Court took judicial notice of the record in this case, and the Debtor's counsel proffered the testimony of the Debtor's representative, Erik Bolog.

DCC supports confirmation, having resolved the issues raised in its objection, and the UST filed a line withdrawing his objection to confirmation.

Class 2 voted to accept, and Class 1 did not vote.

The Court found that all requirements of Sections 1123, 1129, and 1190 have been met.

The plan is a non-consensual plan confirmed under Section 1191(b), and the Debtor will receive a discharge after the completion of all plan payments under Section 1192.

Counsel for the Debtor will upload a revised order that:
- States, for the reasons set forth on the record at the hearing held today, the plan is confirmed non-consensually under Section 1191(b);
- States that Section 1146(a) applies and the sale of the Debtor's property may not be taxed under any law imposing a stamp tax or similar tax; and
- States that the Debtor shall file a report of sale as required by Local Bankruptcy Rule 6004-5 within seven days of closing.

Counsel for the Debtor will obtain the signatures of the UST, the Sub V Trustee, and DCC evidencing their consent as to the form of the order and then upload the order for the Court's consideration.

With regard to the claim objection, the Court set the following schedule:
- Discovery deadline 6/12/26
- Briefs due 6/26/26
- Evidentiary hearing 7/9/26 at 1:00 p.m. in person

Counsel for the Debtor and counsel for DCC agreed that the claim objection can proceed as a contested matter even if the Debtor seeks to exercise a right to setoff.  However, if the Debtor seeks to obtain a money judgment against DCC, it must file an adversary proceeding.

DISPOSITION:   Plan confirmed.  Debtor to upload confirmation order.  Court to issue scheduling order on claim objection (discovery deadline 6/12/26, briefs due 6/26/26, and evidentiary hearing 7/9/26 at 1:00 p.m. in person).