Entered: February 17th, 2026
Signed: February 16th, 2026

**SO ORDERED**

Copies to all creditors and parties in interest



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

 

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| In re | Case No. 25-20897-MCR |
| OB LLC | Chapter 11 |
| Debtor. | |
| _____/ | |

### ORDER NON-CONSENSUALLY CONFIRMING SECOND
### AMENDED PLAN OF REORGANIZATION UNDER 11 U.S.C. § 1191(b)

Upon consideration of OB, LLC's Second Amended Subchapter V Plan of Reorganization (the "Plan," as found at DE #50), the record herein, and governing law, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

ORDERED, that subject to the modifications set forth herein, the Plan be, and hereby is, CONFIRMED non-consensually, pursuant to the allowances of Section 1191(b) of Title 11 of the United States Code; and it is further

ORDERED, that Section 3.02 of the Plan be, and hereby is, STRICKEN, and replaced with the following language: "Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid in full on the later of (i) the fifth calendar day after payment, in

1

full, of the Class 1 claim (allowing for such time as may be necessary for the Class 1 claim to be an allowed claim, for which all objections thereto have been finally resolved pursuant to a final order of this Court); or (ii) the fifth calendar say after such claim becomes an allowed claim. All professionals, including the Debtor's counsel and the Subchapter V Trustee, will need to file applications with the Court to seek approval of their fee and expenses as allowed administrative expense claims within 30 days of the Effective Date. Post-petition, the Subchapter V Trustee shall continue to apply for all fees in accordance with Sections 330 and 331."; and it is further

ORDERED, that Article 7 of the Plan shall be, and hereby is, STRICKEN, and replaced with the following language: "The Debtor shall sell the Real Estate in accord with the provisions of the sale order found at docket entry #55 in this case and pursuant to and within the time frame of the contract of sale approved thereby."; and it is further

ORDERED, that the following sentence shall be appended to the end of Section 8.05 of the Plan: "In the event of a default, creditors shall, too, without further leave of court, have all remedies under governing non-bankruptcy law (including state law), including, but not limited to, the right of any secured creditor to enforce its lien rights pursuant to the terms and conditions of the applicable loan documents."; and it is further

ORDERED, that pursuant to the provisions of Section 1192 of Title 11 of the United States Code, OB, LLC ("OB" or the "Debtor") shall receive a discharge upon the making of the final payment called for in the Plan; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(1), the Debtor shall file a notice of substantial consummation within fourteen (14) days of such occurrence; and it is further

ORDERED, that pursuant to the provisions of Local Rule 3022-1(a)(2), the Debtor shall file post-confirmation progress reports not later than six months after the date of entry of this order and every six months thereafter until such a time as a final decree is filed; and it is further

ORDERED, that the making and delivery of an instrument of any and all transfers under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, mortgages, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, including the sale of the Property,[1] and any deed of trust evidencing any loan obtained to purchase the Property from the Debtor, is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, including, but not limited to, transfer and recordation tax, in accordance with section 1146(a) of the Bankruptcy Code.  The above listed transfers include, but are not limited to, all transactions necessary to effectuate the conveyance of Property; and it is further

ORDERED, that pursuant to Local Rule 6004-5, a report of said sale shall be filed on the docket herein within seven (7) days of the sale being consummated; and it is further

ORDERED, that the Debtor shall file and serve a notice of the effective date of the Plan, with such service to be on all parties in interest.

Copies:
All Counsel of Record

---

[1] The Property is defined as 8800 Grandhaven Avenue, being known and designated as Parcel "B" in the subdivision known as "Plat Two (2), The Woods of Marlton," as per plat thereof record among the Land Records of Prince George's County, Maryland in Plat Book NLP 147 at Plat No. 84; being in the 15th Election District of said county, being the same property conveyed to the Debtor by deed recorded at Liber 33058, page 00287 among the Land Records of Prince George's County, Maryland.