# CHANGE IN TERMS AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,500,000.00 | 04-19-2013 | 04-19-2014 | | | | | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

Borrower: OB LLC (TIN:
115 Grafton Street
Chevy Chase, MD 20815

Lender: American Bank
9001 Edmonston Road, Suite 100
Greenbelt, MD 20770
(301) 572-3740

**Principal Amount: $2,500,000.00** **Date of Agreement: April 19, 2013**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** The Borrower is justly indebted to Lender as evidenced by the Promissory Note dated October 19, 2011 between the Borrower and Lender in the original amount of $2,500,000.00 with an original maturity date of April 19, 2013.

**DESCRIPTION OF COLLATERAL.**

(A) A Purchase Money Deed of Trust dated October 19, 2011, to a trustee in favor of Lender on real property located in Prince George's County, State of Maryland. The Real Property and or its address is commonly known as 9600 Grandhaven Avenue, Upper Marlboro, MD 20772.

(B) Interest in investment located at 5225 Pooks Hill Road, Unit 1627N, Bethesda, MD 20852.

(C) deposit account #8000353521 described in an assignment deposit account agreement dated October 19, 2011.

**DESCRIPTION OF CHANGE IN TERMS.** The Borrower and Lender hereby declare it their intentions to modify, amend and alter the "Note", for good and valuable consideration, the receipt of which is hereby acknowledged by the parties as follows:

(1) The maturity date for the loan is hereby extended to April 19, 2014.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**ADDITIONAL PROVISION.** The Borrower represents and warrants to the Lender that this loan is being obtained exclusively for the purposes of carrying on or acquiring a business or commercial enterprise.

**CONFESSED JUDGEMENT.** Borrower authorizes any attorney designated by Lender or any clerk of any court of record to appear for Borrower and confess judgment against Borrower in favor of Lender for the full amount due on the Loan (including principal, accrued interest, charges and fees), plus court costs, plus attorneys' fees equal to 10% of the amount due, all without prior notice or opportunity of Borrower for prior hearing, without stay of execution or right of appeal, and expressly waiving the benefit of all exemption laws and any irregularity or error in entering any such judgment. No single exercise of the power to confess judgment granted in this Section shall exhaust the power, regardless of whether such exercise is ruled invalid, void or voidable by any court, nor shall this Agreement or any other Loan Document, Lender's right to attorneys' fees in the amount described herein or any other obligation hereunder or under any other Loan Document merge into any such judgment. The power to confess judgment granted in this paragraph may be exercised from time to time as often as Lender may elect. Borrower acknowledges that the actual amount of attorneys' fees incurred by Lender would be impossible to calculate at the time judgment by confession is entered, as all such fees would not yet have been incurred. Accordingly, Borrower agrees that attorneys' fees equal to 10% of the amount due are reasonable given the circumstances. Notwithstanding Lender's right to obtain a judgment for attorneys' fees in the amount described in this Section, Lender shall be entitled to retain only such attorneys' fees as are incurred by Lender in accordance with the Note. If the terms of this Section conflict with the terms of any other Loan Document, then the terms of this Section shall control.

**THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

**PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT.**

BORROWER:

OB LLC

By: _______________ (Seal)
M. Louis Offen, M.D., Manager of OB LLC

BTC LLC, Member of OB LLC

By: _______________ (Seal)
M. Louis Offen, M.D., Manager of BTC LLC

LENDER:

AMERICAN BANK

X _______________
Authorized Signer